## FRANCES C. ZEINER v. KENNETH ZEINER

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 11823

Memorandum filed May 4, 1948.

*J. Clinton Roraback,* of Canaan, for the Plaintiff.

*Burton F. Sherwood,* of Danbury, for the Defendant.

MURPHY, J. Plaintiff and defendant intermarried August 27, 1939, and lived together as man and wife in New Milford until May 27, 1942. On that day, after an argument over the defendant's interest in and attention to another woman, the defendant moved the plaintiff, her belongings and their child to the home of the plaintiff's folks in Roxbury. To the complaint alleging desertion and claiming divorce, the defendant has denied the desertion and has set up a special defense that on September 12, 1945, he was granted a decree of divorce from the plaintiff in and by the Circuit Court within and for the county of Multnomah, state of Oregon, at Portland, Oregon.

On May 28, 1942, after spending the night at his parents' home at 5 South Avenue, the defendant left New Milford. He visited a relative in Washington, D. C., for several days and then went to Reno, Nevada, where he stayed four weeks. He went to Reno for the purpose of obtaining a divorce but returned east to New York when advised that a Reno decree under the circumstances would be open to attack in Connecticut.

In New York he worked as a garage mechanic for two months. Through a New York employment agency he was employed by the maritime commission and sent to Portland, Oregon, for war work as a welder in the Vancouver shipyard. He arrived in Portland on October 31, 1942, and obtained room and board at the home of Mrs. Alfred Page where he resided until May 19, 1943, when he entered the navy. He was discharged from service on December 9, 1945, and again took up residence at Mrs. Page's home, where he lived until the end of January, 1946. He then returned to New Milford and has since resided with his parents at 5 South Avenue.

On April 10, 1945, while in the navy, Zeiner instituted suit for divorce in the Circuit Court of the state of Oregon for the county of Multnomah. He alleged that his wife had deserted him in May of 1942. Service of process was made upon her in New Milford but she did not enter an appearance and default was entered against her on June 15, 1945. Zeiner alleged and testified that he had been a resident of Oregon for more than one year prior to the institution of his suit. The decree was entered on September 12, 1945, and docketed the following day.

Zeiner claims and testified in this case that shortly after he first arrived in Portland he developed a liking for the city and determined to make it his permanent home. When he went into service, he left his personal belongings at Mrs. Page's; considered that his home; gave it as his home address on entering service; was inducted through the Portland selective service board to which his original registration had been forwarded by the local Litchfield County board; and returned to live at Mrs. Page's upon separation from service. He obtained employment at the Vancouver Paper Mill and would have remained there if his father's health had not required his return to New Milford to operate his father's garage. He further maintains that he intends to return to Portland when his father disposes of the business.

However, his certificate of separation from the navy lists his "permanent address for mailing purposes" as being 5-S-Avenue, New Milford, Conn. Since his return to New Milford he has applied for and received from the state of Connecticut a veterans' bonus. To be eligible for it, he must have been domiciled in this state for at least one year preceding his entry into service. General Statutes, Sup. 1947, § 476i.

It is therefore found that Zeiner was not a resident of the state of Oregon for one year before he instituted his action in that jurisdiction on April 10, 1945, because domicil in that state was a necessary condition precedent and his domicil has always been and still is in the state of Connecticut. *Rice* v. *Rice,* 134 Conn. 440.

It follows that the decree of divorce granted on September 12, 1945, in the Circuit Court of the state of Oregon for the county of Multnomah in favor of Kenneth S. Zeiner, plaintiff and against Frances Catherine Zeiner, defendant, was a colorable one and did not dissolve the marriage relation between Frances C. Zeiner, the plaintiff in the present action, and said Kenneth Zeiner, and that Kenneth Zeiner and Frances C. Zeiner were still husband and wife on November 14, 1946, when service of process in the present action was made upon said Kenneth Zeiner.

On the date of the separation of the parties, the plaintiff herein was anxious to maintain her home and marriage. The defendant by his acts and conduct disrupted both and moved her out of the house in which they had been living. He deserted her on that day and has continued the desertion to the present.

The plaintiff is entitled to a decree of divorce on the ground of desertion on May 27, 1942, custody of the minor child, Clarice, and $10 a week for the support of said child.